Frederick Schenk, SBN 086392
*fschenk@cglaw.com*
Angela Jae Chun, SBN 248571
*ajc@cglaw.com*
Jillian L. Ferrario, SBN 297536
*jferrario@cglaw.com*
**CASEY GERRY SCHENK**
**FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA  92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

# SACRAMENTO, EASTERN DIVISION

| | |
|---|---|
| GIANFRANCO RUFFINO, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 100, inclusive,<br><br>    Defendant. | CASE NO.<br><br>**COMPLAINT UNDER FEDERAL TORT CLAIMS ACT FOR PERSONAL INJURIES** |

1.     This complaint is for the personal injuries suffered by Plaintiff GIANFRANCO RUFFINO on November 14, 2015, when he was severely burned as a result of a dangerous condition created by Defendant UNITED STATES OF AMERICA.

## JURISDICTION AND VENUE

2.     This action arises under the Federal Tort Claims Act, 28 U.S.C. sections 1346(b), 2671-80.  This Court is vested with original jurisdiction to hear this matter pursuant to 28 U.S.C. section 1346(b)(1).

3.     Venue is proper in this district because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within this district.

4. Prior to the filing of this complaint and on or about March 14, 2016, Plaintiff presented a claim to the United States Forest Service pursuant to the Federal Tort Claims Act ("FTCA") 28 U.S.C. sections 1346(b), 2401(b), and 2671-2680. Plaintiff's claim was denied by operation of law on September 14, 2016.

5. The true names and capacities, whether individual, corporate, associate or otherwise of Defendant and DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the defendants herein designated as a DOE is responsible in some manner for the events and happenings herein referred to and caused injuries and damages proximately thereby as hereinafter alleged.

## **FIRST CAUSE OF ACTION**
## **(Negligence under FTCA)**

6. Plaintiff hereby incorporates by reference and realleges each and every allegation above.

7. On or about Thursday, November 14, 2015, Plaintiff GIANFRANCO RUFFINO was severely injured while sledding down a popular hillside located on F Street in between Margaret Avenue and Tata Lane in South Lake Tahoe, California 96150 ("incident site"). This hillside is used for sledding, walking and other snow activities and was covered with fresh snow.

8. Plaintiff put both feet out to stop his sled and immediately felt extreme heat and intense pain.

9. When he looked down, Plaintiff realized that his shoes, sock, leg and sled were on fire.

10. Plaintiff unknowingly stopped his sled on top of one of many hidden, burning piles of debris that were left smoldering from a controlled fire conducted 2 days earlier by the United States Forest Service ("USFS"), an agency of Defendant UNITED STATES OF AMERICA.

11. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendant UNITED STATES OF AMERICA and DOES 1 through 100, inclusive, were in possession of and owned, operated, supervised, maintained, modified, repaired and controlled the premises located near F Street in between Margaret Avenue and Tata Lane in South Lake Tahoe, California 96150 in the City of South Lake Tahoe, County of El Dorado, State of California, and the controlled fire that was conducted on said premises 2 days before Plaintiff was injured.

12. Defendant UNITED STATES OF AMERICA, by and through its agent USFS, conducted a controlled fire by applying accelerant to approximately 30 piles of brush, branches and other debris spread throughout a large area on the hillside.

13. Plaintiff is informed and believes that Defendant UNITED STATES OF AMERICA owned, managed and controlled the fire and contracted with the California Conservation Corps to provide labor.

14. However, the USFS made no effort to mark off the area, post warnings, or otherwise provide reasonable notice to alert the public that the fires had been set.

15. When new snow fell after the fires had been started, the fires were made invisible to the public.

16. The hidden pile of fire Plaintiff landed in was extremely hot and smoldering, causing Plaintiff to suffer severe second degree burns to his back, buttocks, legs and feet, nerve damage, pain and suffering, and emotional distress.

17. On or about November 14, 2015, Defendant UNITED STATES OF AMERICA and DOES 1 through 100, by and through its agents, servants, employees and independent contractors, negligently owned, operated, maintained, supervised, modified, inspected, repaired, and controlled owned, possessed, or controlled the premises located at F Street in between Margaret Avenue and Tata Lan in El Dorado County, State of California, and the controlled fire that took place at the premises two days before the subject incident.

18. Defendant UNITED STATES OF AMERICA also failed to warn the public that the area was dangerous, failed to mark or designate the area as dangerous/hazardous,

failed to ensure the fires were completely extinguished, failed to provide reasonable notice of the dangerous and hazardous condition, and failed to monitor or supervise the area once the fires had been started.

19. Defendant UNITED STATES OF AMERICA also negligently failed to adequately instruct, oversee, supervise, and monitor the fire burning project at the subject hillside and the people working on it.  Specifically, the fire was not properly staffed or supervised, and was set by employees, agents and independent contractors of the Defendant, who were not adequately qualified, competent or trained to properly and safely perform the tasks assigned of them to conduct, monitor, control, oversee the controlled fire, and who did not properly and safely perform their duties.

20. Defendant UNITED STATES OF AMERICA also negligently failed to establish clear standards or protocols for the instruction, oversight, supervision, and monitoring of its employees, independent contractors and agents, and failed to follow the appropriate laws, standards, regulations, rules and protocols applicable under the circumstances.

21. Defendant UNITED STATES OF AMERICA, by and through their agents, servants, employees and independent contractors, negligently failed to provide adequate supervision and training of their independent contractors, agents, and other personnel, and failed to hire competent independent contractors, employees, agents, and other personnel to protect the public, including Plaintiff GIANFRANCO RUFFINO, from hazardous and dangerous conditions on its property.

22. The dangerous conditions included but are not limited to the presence of burning and smoldering piles of fire hidden to the public by fresh snow, the failure to provide any notices or warnings to the public that these hidden piles of fire existed in the area, or the failure to mark off the area to protect the public from the hidden burning/smoldering piles of fire to ensure the public was protected from suffering burns and serious injuries.

**23.** All of the foregoing resulted in a dangerous and hazardous condition to the public including Plaintiff and created a reasonably foreseeable risk of the kind of incident that occurred, and which caused the subject incident and the injuries to Plaintiff.

**24.** Defendant UNITED STATES OF AMERICA and DOES 1 through 100, by and through its agents, servants, employees and independent contractors, created the dangerous conditions and thus knew or should have known of them, but failed to remedy them or warn the public of their presence.

**25.** Defendants, and each of them, in the exercise of due care, should have discovered, eliminated/fixed, or warned of these dangerous conditions.

**26.** Furthermore, at all times herein mentioned, Defendants, and each of them, had notice of the dangerous condition of said premises and surrounding areas in that the condition was created by Defendants and each of them, and had existed for a long period of time.

**27.** All of the foregoing resulted in a hazardous and dangerous condition of public property and a hidden trap that was a substantial factor in causing the devastating and permanent injuries to Plaintiff GIANFRANCO RUFFFINO.

**28.** As a direct and legal result of the aforesaid dangerous condition of public property, Plaintiff GIANFRANCO RUFFINO, was injured in his health, strength and activity, sustaining severe shock and injury to his nervous system and person, and causing Plaintiff mental, physical and nervous pain and suffering and resulting disability, all to his general damage in a sum which will be shown according to proof.

**29.** As a direct and legal result of the aforesaid dangerous condition of public property, Plaintiff GIANFRANCO RUFFINO, was compelled to and did incur expenses for medical care, hospitalization, and other incidental expenses, and will have to incur additional like expenses in the future, all in amounts presently unknown to Plaintiff. Plaintiff therefore asks leave of Court either to amend this complaint as to show the amount of his medical expenses, when ascertained, or to prove said amount at the time of trial.

**30.** As a direct and legal result of the aforesaid dangerous condition of public property, Plaintiff GIANFRANCO RUFFINO, was disabled and may be disabled in the future, and thereby may be prevented from attending to the duties of his usual occupation. Plaintiff has therefore lost earnings and may lose earnings in the future, all in amounts presently unknown to him. Plaintiff asks leave of Court either to show the amount of his lost earnings, when ascertained, or to prove said amount at the time of trial.

**31.** As a direct and legal result of the aforesaid dangerous condition of public property, property owned and used by Plaintiff GIANFRANCO RUFFINO was damaged; and Plaintiff thereafter was denied the use of said property, to Plaintiff's further damage, all in amounts which will be shown according to proof.

WHEREFORE, Plaintiff GIANFRANCO RUFFINO prays for judgment against the Defendant UNITED STATES OF AMERICA as follows:

1. For general damages according to proof;
2. For loss of earnings, medical expenses, nursing care, caretaking, and housekeeping expenses, property damage, loss of use of personal property, and all incidental expenses according to proof;
3. For interest from the date of accident to the time of judgment;
4. For costs of suit incurred herein; and
5. For such and further relief as to the court deems proper.

Dated: November 16, 2016                CASEY GERRY SCHENK
                                        FRANCAVILLA BLATT & PENFIELD, LLP


                                        By:  /s/ Angela Jae Chun
                                        ANGELA JAE CHUN
                                        ajc@cglaw.com
                                        Attorneys for Plaintiff